# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

HARRY BRICE RUTHERFORD

        Debtor

DANIEL J. RUTHERFORD

        Plaintiff

     v.

DARREL NORRIS,
individually and as a partner, and
NORRIS RUTHERFORD PROPERTIES,
a partnership

        Defendants

Case No.  08-30919

Adv. Proc. No.  11-3069

## M E M O R A N D U M

**APPEARANCES:**    ROBERT R. REXRODE, ESQ.
      601 Concord Street, SW
      Suite 106
      Knoxville, Tennessee  37919
      Attorney for Plaintiff

      MORTON & MORTON, PLLC
      J. Myers Morton, Esq.
      1518 North Broadway
      Knoxville, Tennessee  37917
      Attorneys for Defendant, Darrel Norris

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Defendant's Motion for Abstention and Stay of Proceedings (Motion for Abstention) filed by the Defendant, Darrel Norris, on May 17, 2011, asking the court to exercise its discretion and, pursuant to 28 U.S.C. § 1334(c) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, abstain from hearing this adversary proceeding which was initiated by the Complaint to Determine Dischargeability (Complaint) filed by the Plaintiff on March 17, 2011, and to stay the administration of the adversary proceeding pending resolution of the Motion for Abstention. The Plaintiff did not file a response to the Motion for Abstention within 21 days as provided in E.D. Tenn. LBR 7007-1 and, accordingly, his failure to timely respond is "construed to mean that [he] does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1(a).

Abstention is governed by 28 U.S.C. § 1334(c), which provides as follows:

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c); *see also* FED. R. BANKR. P. 5011. Under § 1334(c)(1), the bankruptcy court may, in its discretion, abstain from hearing either core or non-core proceedings. *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 232 (2d Cir. 2002). The decision whether to abstain is a core proceeding and is dependent upon the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C.A. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Beneficial Nat'l Bank USA v. Best Receptions Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 941, 953 (Bankr. E.D. Tenn. 1998).

Through his Complaint, the Plaintiff seeks a declaratory order that (1) declares certain unsecured debts owed by the Debtor to either of the Defendants, as set forth in the Complaint, were discharged on June 18, 2008; and (2) permanently enjoins either of the Defendants from attempting to collect upon the discharged debts and specifically stops the continuation of a civil action currently pending in the Chancery Court for Knox County, Tennessee, styled *Norris v. Rutherford*, Case No. 175867-3, asking for a determination of the parties' partnership interests, dissolution of the partnership, and partition of partnership assets (Chancery Court Lawsuit). Entry of a debtor's discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . [.]"  11 U.S.C. § 524(a)(2) (2006). "'The purpose of the permanent injunction is to effectuate one of the primary purposes of the Bankruptcy Code:  to afford the debtor a financial "fresh start"[,]'" and "is intended to preclude virtually all actions to collect, including post-discharge

3

lawsuits." *In re Greenspan*, 2011 WL 310703, at *3 (B.A.P. 6th Cir. Feb. 2, 2011) (quoting *In re Miller*, 247 B.R. 224, 228 (Bankr. E.D. Mich. 2000)). Accordingly, once discharge has been entered by the court, any creditor holding a pre-petition claim or cause of action against that debtor may not attempt to hold him personally liable for any pre-petition debts or liability thereon.

The Chancery Court Lawsuit involving the parties herein, however, was not filed against the Debtor but against his son, seeking a determination as to the property interests each holds in the Norris Rutherford Properties Partnership and a dissolution of the partnership, including payment of all debts, collection of all monies due, an accounting of the respective liabilities, and any necessary partition of property owned by the partnership. Each of these requests for relief is determined and governed exclusively under the laws of the State of Tennessee and do not involve the Bankruptcy Code. Furthermore, in order for the court to exercise its jurisdiction over an action for declaratory judgment, "there must be 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *In re Milby*, 389 B.R. 466, 468 (Bankr. W.D. Va. 2008) (quoting *In re Adelphia Commc'ns Corp.*, 307 B.R. 432, 437 (Bankr. S.D.N.Y. 2004)). There is no immediacy in this case because although the relief sought through the Chancery Court Lawsuit could potentially lead to the conclusion that certain partnership debts previously owed by the Debtor were discharged, the state court has concurrent jurisdiction with the bankruptcy court in making that determination. *In re Meadows*, 428 B.R. 894, 907 (Bankr. N.D. Ga. 2010).

As stated in the Defendants' Motion for Abstention, the Chancery Court Lawsuit was commenced on August 21, 2009, and has proceeded into the discovery phase. Because the

4

Bankruptcy Court would be required to address the same issues already raised in the Chancery Court Lawsuit and the state court may make the determination of whether any of the Debtor's partnership debts were discharged in connection with the Chancery Court Lawsuit, it would be a waste of judicial resources for this court not to abstain.

An Order consistent with this Memorandum will be entered.

FILED:  June 21, 2011

                                        BY THE COURT

                                        */s/  RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE